## S95A2035. CHANDLER v. THE STATE.
### (467 SE2d 562)

FLETCHER, Presiding Justice.

A jury convicted Juan Chandler of felony murder in the shooting death of Barak Martin.[1] Chandler alleges that the trial court erred in returning two jurors to the jury panel after he used peremptory strikes to remove them. Because the trial court's factual findings were clearly erroneous, we reverse.

1. The evidence shows that Chandler walked to the passenger side of a vehicle and asked Martin if he remembered Chandler. Martin replied in a derogatory manner. Chandler returned to two friends on the driver's side, asked for a gun, walked around the front of the vehicle, stuck his hand in the window, and fired a single shot at Martin. Although the three eyewitnesses dispute whether Martin was reaching for a loaded gun, they agree that he did not reach for anything until Chandler returned to the passenger side of the vehicle with a drawn pistol. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Chandler guilty of felony murder and possession of a firearm during the commission of a felony.[2]

2. The defendant, victim, and eyewitnesses were all African-American. Of the ten peremptory challenges that Chandler made, he struck seven white men, one black man, and two black women. The prosecutor opposed the strikes under *Georgia v. McCollum*[3] and *J. E. B. v. Alabama*[4] on the grounds that they were made solely to remove the white men from the jury. The defendant stated that he struck Dennis Jane, a white man, because he was a manager, had an authoritarian personality, and would probably be chosen as the foreperson; the defendant struck Stanton Shipley, also a white man, because he was a principal in an architectural firm and authoritarian. Chandler explained that jury surveys and two mock trials had shown that he should seek to have the jury leadership dispersed among several persons and avoid authoritarian figures. The trial court rejected the explanation as pretextual and disallowed the strike.

In *McCollum*, the United States Supreme Court extended its de-

---

[1] The crime occurred on May 3, 1993, and a grand jury indicted Chandler on August 13, 1993. A jury found Chandler guilty on October 13, 1994, and the trial court sentenced him to life imprisonment on the murder charge and five years on a weapons charge. Chandler filed a motion for a new trial on November 14, 1994, which was denied on July 31, 1995. He filed a notice of appeal on August 7, 1995. The case was docketed on September 21, 1995, and orally argued on January 8, 1996.

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] 505 U. S. 42 (112 SC 2348, 120 LE2d 33) (1992).

[4] 511 U. S. ___ (114 SC 1419, 128 LE2d 89) (1994).

cision in *Batson v. Kentucky*[5] and held that the equal protection clause prohibits a criminal defendant from engaging in purposeful discrimination on the basis of race in the exercise of peremptory challenges.[6] To evaluate claims that the state or defendant used peremptory challenges in a racially discriminatory manner, the trial court must engage in a three-step process.[7] The opponent of a peremptory challenge must make a prima facie showing of racial discrimination; the burden of production shifts to the proponent of the strike to give a race-neutral reason for the strike; the trial court then decides whether the opponent of the strike has proven discriminatory intent.[8] The "ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike."[9]

Applying this process, we recently reversed the conviction in *Jackson v. State*[10] because the trial court erred in not accepting Jackson's explanation as race neutral. Similarly, Chandler articulated a race-neutral reason for striking the jurors from the jury. Working as a manager or partner supervising employees and having an authoritarian personality are not factors based on either race or sex. Even under our deferential standard of review, the trial court's finding that juror Jane was struck because he was a "big white boss" is clearly erroneous. Since the state failed to meet its ultimate burden of persuasion, the reinstatement of the two jurors resulted in an illegally constituted jury. Therefore, Chandler is entitled to a new trial.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 11, 1996 —
RECONSIDERATION DENIED MARCH 28, 1996.

*Drew Findling, Elizabeth Rankin,* for appellant.

*Lewis R. Slaton, District Attorney, Leonora Grant, A. Nevell Owens, Assistant District Attorneys, Michael J. Bowers, Attorney General, Wesley S. Horney, Assistant Attorney General,* for appellee.

---

[5] 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).
[6] *McCollum,* 505 U. S. at 2359.
[7] *Hernandez v. New York,* 500 U. S. 352 (111 SC 1859, 1865-1866, 114 LE2d 395) (1991); see *Batson,* 476 U. S. at 96-98.
[8] *Purkett v. Elem,* ___ U. S. ___ (115 SC 1769, 1770-1771, 131 LE2d 834) (1995).
[9] Id. at 1771.
[10] 265 Ga. 897 (463 SE2d 699) (1995).