## A96A2413. O'NEAL v. THE STATE.
### (482 SE2d 478)

JOHNSON, Judge.

Buster O'Neal appeals his conviction for possession of cocaine with intent to distribute. Among his enumerations, he claims the trial court erred in granting the state's challenge to his use of peremptory strikes against white jurors. See *Georgia v. McCollum,* 505 U. S. 42 (112 SC 2348, 120 LE2d 33) (1992); *Batson v. Kentucky,* 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). Recent decisions of the United States Supreme Court and the Supreme Court of Georgia interpreting *Batson* require us to reverse the conviction.

1. O'Neal asserts the court erred in upholding the state's objection to peremptory strikes he used against two white prospective jurors. O'Neal, who is African-American, used ten of twelve peremptory strikes against white panelists. The trial court analyzed the state's challenge to these strikes by requiring O'Neal to explain his strikes. Then, in one step, the trial court determined both the neutrality and credibility of O'Neal's proffered reasons for his peremptory strikes.

In earlier cases, the approach used by the trial court was tacitly approved by the appellate courts of this state. See *McKibbons v. State,* 216 Ga. App. 389, 390 (1) (455 SE2d 293) (1995). In *Jackson v. State,* 265 Ga. 897, 898-899 (2) (463 SE2d 699) (1995), however, the Supreme Court of Georgia specifically disapproved of the method this and many other trial courts had used for analyzing a *Batson* or *McCollum* challenge. The Court held that *Purkett v. Elem,* 514 U. S. 765 (115 SC 1769, 131 LE2d 834) (1995) requires the trial court to establish, on the record, that it has applied a three-part test to a party's claim of discrimination in the use of peremptory strikes. First, the party challenging a strike has the burden of making a prima facie showing of discrimination. The proponent of the strike

must then produce an explanation for the strike which is race-neutral and non-discriminatory on its face, but "is not required to enunciate 'an explanation that is persuasive, or even plausible.'" *Jackson*, supra at 898 (2), quoting *Purkett*. The burden of *proving* that the proffered explanation is merely pretext for discrimination then shifts back to the challenging party. *Jackson*, supra at 899. See also *Chandler v. State*, 266 Ga. 509, 510 (2) (467 SE2d 562) (1996).

In this case, after the state challenged O'Neal's strikes, the trial court properly required O'Neal to give race-neutral explanations for those strikes. Therefore, whether the state made out a prima facie case of discrimination is a moot issue. See *Lewis v. State*, 262 Ga. 679, 680 (2) (424 SE2d 626) (1993).

The court accepted as race-neutral all but two of O'Neal's explanations. Regarding those two panelists, O'Neal explained he struck one white male venireman because he was retired from Southern Bell, his eyes were wandering around the courtroom, he appeared to have a "lackadaisical" attitude, and his wife worked at a church day-care center. A second white panel member was excused because she was retired from an Air Force base, was divorced, and knew another prospective juror. O'Neal added that he felt both these panelists displayed "an attitude" toward him. The court reseated these panelists on the jury.

The trial transcript and the trial court's order on O'Neal's motion for new trial show the court did not accept as race-neutral O'Neal's proffered reasons for striking these jurors. As we are bound by *Purkett* and *Jackson*, we must find the court erred in refusing to do so. A strike based on a party's employment status or marital status is not, on its face, racially discriminatory. *Trice v. State*, 266 Ga. 102, 103 (2) (464 SE2d 205) (1995) (employment status); *Smith v. State*, 264 Ga. 449, 452 (3) (448 SE2d 179) (1994) (marital status). Neither is a strike based on a party's belief that a venire member displays a hostile attitude. *Moak v. State*, 222 Ga. App. 36, 39 (3) (473 SE2d 576) (1996). Under *Purkett*, supra, 131 LE2d at 839, to reject as not race-neutral even a fanciful or implausible reason, when it is indeed race-neutral on its face, improperly shifts the burden of proof to the proponent of the strike. See *Jackson*, supra; *Chandler*, supra at 510 (2).

As established by *Jackson*, the proper procedure for a trial court to follow in analyzing a party's reason for its peremptory strike is to accept the strike if it is facially neutral, then require the opponent of the strike to prove that the proffered reason is merely a pretext for discrimination. In this case, the trial court simply ruled that O'Neal's proffered reasons were not race-neutral. Its ruling indicates the trial court likely combined steps two and three of the test and found the reasons given were pretextual. However, *Jackson* dictates that the

226

trial court must engage in the three-part analysis and abide by the shifting burdens of proof set forth in *Purkett*. To combine the steps, the Court has held, improperly shifts the ultimate burden of proof to the striking party. *Jackson*, supra at 898-899. The record in this case does not clearly establish that the trial court applied each prong of the three-part test. Under these circumstances, the Supreme Court of Georgia has concluded that the jury including the two reseated jurors was illegal, and O'Neal's conviction must be reversed and this matter remanded for a new trial. See *Malone v. State*, 225 Ga. App. 315 (484 SE2d 6) (1997); *Cooper v. State*, 220 Ga. App. 531, 533 (469 SE2d 790) (1996).

2. Because the issue may arise on retrial, we consider O'Neal's claim that the court erroneously admitted "similar transactions" evidence of a 1992 incident for which O'Neal was convicted of possession of cocaine with intent to distribute.

The state produced evidence showing that in August 1992, O'Neal was confronted by police outside the same apartment complex involved in this case. He fled. Police chased him into an apartment, where he unsuccessfully attempted to flush 42 small plastic bags of crack cocaine down the toilet. In this case, O'Neal allegedly fled from police and threw a bag containing 81 rocks of crack cocaine into the air. An officer involved in the 1992 arrest testified the cocaine seized in the two incidents was similarly packaged. These two incidents are sufficiently similar to authorize the trial court to admit evidence of the earlier incident to show O'Neal's motive and intent. See *Okongwu v. State*, 220 Ga. App. 59, 63-64 (4) (467 SE2d 368) (1996); *Wells v. State*, 212 Ga. App. 60, 65 (4) (441 SE2d 460) (1994).

3. In light of our holding in Division 1, we need not address O'Neal's remaining enumerations of error.

*Judgment reversed and remanded for new trial. Ruffin, J., concurs. McMurray, P. J., concurs in judgment only.*

DECIDED FEBRUARY 25, 1997 —
RECONSIDERATION DISMISSED APRIL 23, 1997.
Before Judge Wilcox.

*Sinnreich & Francisco, Elizabeth R. Francisco*, for appellant.
Buster O'Neal, Jr., *pro se*.

*Charles H. Weston, District Attorney, Kirby H. Wincey, Jr., Laura D. Hogue, Assistant District Attorneys*, for appellee.