## A97A0098. LEEKS v. THE STATE.
(483 SE2d 691)

BLACKBURN, Judge.

David Leeks appeals his convictions for armed robbery and aggravated assault, crimes he committed at the age of 16. His challenges to the sufficiency of the evidence and to the superior court's jurisdiction over his aggravated assault charge are without merit. However, because the trial court failed to analyze his peremptory strike of a white juror under the standard set forth in *Purkett v. Elem*, 514 U. S. 765 (115 SC 1769, 131 LE2d 834) (1995), we reverse his conviction for a new trial.

1. Leeks contends the evidence was not sufficient to support the conviction under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The evidence is viewed with all reasonable inferences drawn, and all issues of weight and credibility resolved, in favor of the verdict. Id. at 319; *Patterson v. State*, 181 Ga. App. 68, 69 (2) (351 SE2d 503) (1986). We do not address his allegations concerning the weight of the evidence, as those are properly directed to the trial court alone. *Stinson v. State*, 185 Ga. App. 543, 544 (364 SE2d 910) (1988). The appellate court does not have the same discretion as does the trial court in approving a verdict. Only in the absence of evidence to support the verdict may the appellate court set aside a verdict approved by the trial court. OCGA § 5-5-21; *Gledhill v. Brown*, 44 Ga. App. 670 (162 SE 824) (1932).

The evidence allowed the jury to determine that on December 12, 1994, Leeks and another individual entered without permission an apartment occupied by the victim. Leeks' companion demanded money from the victim, and Leeks pulled a gun and threatened to shoot the victim. The victim and Leeks' accomplice began fighting, after which Leeks shot the victim in the wrist. The victim testified that personal property including his wallet containing $40, as well as his car keys, were taken from him by Leeks' associate. This evidence, construed in a light most favorable to the verdict, more than sufficiently supports the conclusion that Leeks either directly committed or was a party to the crimes of aggravated assault and armed robbery. *Jackson v. Virginia*, supra; see OCGA § 16-2-20 (parties to a crime).

2. In his second enumeration, Leeks contends that because he was a juvenile at the time of these offenses, the superior court lacked jurisdiction to convict him of aggravated assault. Although Leeks acknowledges the superior court's jurisdiction over a juvenile charged with armed robbery pursuant to OCGA § 15-11-5 (b) (2) (A), he claims the superior court's jurisdiction does not extend to the aggravated assault charge because this offense is not one of the felo-

nies designated in that statute. The Supreme Court rejected this same argument in *Reynolds v. State*, 266 Ga. 235, 236 (2) (466 SE2d 218) (1996), in which it held the superior court's jurisdiction over felonies designated in OCGA § 15-11-5 (b) (2) (A) extends to offenses committed as "part of the same criminal transaction as the two greater offenses." As the aggravated assault in this case was committed as part of the same criminal transaction as the greater offense of armed robbery, this enumeration of error is without merit.

3. The trial court erred, however, in upholding the State's challenge to Leeks' peremptory strike of juror no. 4, a white male. Leeks is black. "To evaluate claims that the state or defendant used peremptory challenges in a racially discriminatory [or gender-biased] manner, the trial court must engage in a three-step process. The opponent of a peremptory challenge must make a prima facie showing of . . . discrimination; the burden of production shifts to the proponent of the strike to give a race- [and gender-]neutral reason for the strike; the trial court then decides whether the opponent of the strike has proven discriminatory intent." (Footnotes omitted.) *Chandler v. State*, 266 Ga. 509, 510 (2) (467 SE2d 562) (1996).

The State challenged Leeks' use of peremptory strikes against ten whites, and the trial court accepted as race- and gender-neutral each explanation Leeks' attorney gave for nine of those strikes. Therefore, we need not determine whether the State made a prima facie case of discrimination, as that issue is moot. See *Lewis v. State*, 262 Ga. 679, 680 (2) (424 SE2d 626) (1993) (once trial court requires proponent of strike to give neutral explanations, preliminary issue of prima facie case becomes moot).

With regard to juror no. 4, Leeks' attorney explained that his co-counsel had seen juror no. 1, a white female real estate agent, give a business card to juror no. 4 and stated he believed "they were possibly having a business-type connection there, and I didn't want them on the jury together. We accepted [juror no. 1] and didn't care for the other." The trial court ruled, "The court does not accept the explanation for juror number 4" and placed this juror back on the panel.

The explanation Leeks' attorney gave for striking juror no. 4 was, on its face, neutral as to both race and gender. The explanation expressed concern that a potential business relationship between two jurors might influence the jurors' ability to deliberate impartially. After Leeks' attorney offered this race- and gender-neutral explanation, the trial court was bound to accept the explanation. See *Chandler*, supra, and *Purkett*, supra. "[T]he proponent of the strike is not required to enunciate an explanation that is persuasive, or even plausible," and the trial court therefore erred in rejecting Leeks' attorney's explanation. (Punctuation omitted.) *Jackson v. State*, 265

Ga. 897, 898 (2) (463 SE2d 699) (1995), citing *Purkett*, supra.[1]

The trial court may have determined, prematurely, that the attorney's explanation was pretextual. In fact, it appears the trial court may have questioned the credibility of the explanation Leeks gave for striking juror no. 4. But as the Supreme Court stated in *Jackson*, "[a]ssuming the trial court recognized [Leeks'] explanation as being facially race [and gender] neutral, but refused to accept it as race [and gender] neutral because it concluded that the explanation was pretextual, the court misapplied *Batson* jurisprudence. Only after the opponent of a strike establishes a prima facie case of racial [or gender] discrimination (step one), and the proponent thereof tenders a race [or gender] neutral explanation (step two), should the trial court evaluate the persuasiveness of the justification for exercising the strike and determine 'whether the opponent of the strike has carried his burden of proving purposeful discrimination' (step three). [Cit.]" Id. at 899.

As the *Jackson* court held, the *Purkett* analysis requires the trial court to accept the given explanation so long as it is not itself discriminatory. Id. at 899. A trial court may not simply reject the explanation on grounds that it is not credible or that it is whimsical. Rather, it must accept the explanation if it is facially neutral, *then* determine whether the challenger can carry his burden of showing the given explanation is merely pretext for discrimination. Id. "Essentially, the trial court prematurely evaluated the persuasiveness of [Leeks'] explanation, thereby impermissibly placing the ultimate burden of persuasion upon the proponent of the strike." Id.; see also *Cooper v. State*, 220 Ga. App. 531, 533 (469 SE2d 790) (1996). As in *Jackson*, we must therefore find the trial court's ruling clearly erroneous. In this regard, see also *Malone v. State*, 225 Ga. App. 315 (484 SE2d 6) (1997); *O'Neal v. State*, 226 Ga. App. 224 (482 SE2d 478) (1997). Because the court's ruling "forced [Leeks] to trial with an illegally constituted jury," this case is reversed for a new trial. *Jackson*, supra at 900; *Cooper*, supra at 533.

*Judgment reversed. Pope, P. J., and Johnson, J., concur.*

DECIDED MARCH 6, 1997.

Before Judge Tusan.

*J. Robert Joiner*, for appellant.

---

[1] As Presiding Judge Pope noted in his special concurrence to *Parker v. State*, 219 Ga. App. 361, 364 (464 SE2d 910) (1995), it appears *Purkett* partially overruled *Batson v. Kentucky*, 476 U. S. 79, 98, n. 20 (106 SC 1712, 90 LE2d 69) (1986), which required explanations for peremptory challenges to be clear, reasonably specific, and related to the case at hand.

*Lewis R. Slaton, District Attorney, Jamie L. Mack, John C. Culp, Assistant District Attorneys*, for appellee.