## A97A1988. SMITH v. THE STATE.
(494 SE2d 757)

POPE, Presiding Judge.

Defendant Willie Smith was convicted of aggravated assault, criminal damage to property, possession of a firearm during the commission of a crime, carrying a pistol without a license, and discharging a firearm near a public highway. During jury selection, defendant, an African-American, used 12 peremptory strikes to strike white potential jurors. The trial court properly concluded a prima facie case of discrimination had been established, and required defendant to articulate his reasons for the strikes. After defendant had done so, however, the court reseated six of the struck jurors, without explicitly considering the last two steps of the *Batson* analysis separately. Because of the danger that the court's failure to consider the last two steps separately "impermissibly transform[ed] the opponent's burden of proving purposeful discrimination into the proponents' burden of disproving discrimination," defendant's conviction must be reversed. *Malone v. State*, 225 Ga. App. 315, 319 (484 SE2d 6) (1997). See also *Jackson v. State*, 265 Ga. 897, 899 (2) (463 SE2d 699) (1995).

Defense counsel explained to the court that defendant struck two of the potential jurors because they were about the same age as the victim and might identify with him, two because they were elderly, and one because of his facial expressions while defense counsel was talking. (The last of the reseated jurors was unintentionally struck, and defense counsel did not object to reseating her.) In the course of defense counsel's explanation, the trial court indicated it did not think age was a sufficient race-neutral reason,[1] and when the explanation was over, the court simply stated that it was reseating these six struck jurors.

"To evaluate claims that the state or defendant used peremptory challenges in a racially discriminatory manner, the trial court must engage in a three-step process. The opponent of a peremptory challenge must make a prima facie showing of racial discrimination; the burden of production shifts to the proponent of the strike to give a

---

[1] Clearly, age and possible affinity with the victim are race-neutral reasons. Thus, as in *Malone*, the court either erred in rejecting defendant's race-neutral reason or improperly merged the second and third steps of the analysis. *Malone*, 225 Ga. App. at 318-319. See also *Pickett v. State*, 226 Ga. App. 743 (1) (487 SE2d 653) (1997); *Gilbert v. State*, 226 Ga. App. 230 (486 SE2d 48) (1997); *Leeks v. State*, 226 Ga. App. 227 (483 SE2d 691) (1997).

race-neutral reason for the strike; the trial court then decides whether the opponent of the strike has proven discriminatory intent. The 'ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike.' " (Citations omitted.) *Chandler v. State*, 266 Ga. 509, 510 (467 SE2d 562) (1996).

In *Malone*, we recently recognized a natural tendency to consider the last two steps together, and held that in order to ensure the burden of persuading never shifts from the opponent of the strike, the record must show that the trial court considered each step of the three-step process separately. 225 Ga. App. at 318-319. As the record in this case does not show that the court did this, defendant's conviction must be reversed.

*Judgment reversed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED DECEMBER 8, 1997.

*Peter D. Johnson*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.