A97A1831. MITCHELL v. THE STATE.
(495 SE2d 626)

JOHNSON, Judge.

A jury found Arthur Mitchell guilty of theft by receiving stolen property and obstruction of a law enforcement officer. In his sole enumeration of error, Mitchell contends the trial court erred when it failed to follow the three-step analysis to evaluate a *Batson* challenge to his exercise of his peremptory jury strikes. We agree.

In *Purkett v. Elem,* 514 U. S. 765 (115 SC 1769, 1770-1771, 131 LE2d 834) (1995), the United States Supreme Court established a three-step test for evaluating challenges to peremptory strikes. "The opponent of a peremptory challenge must make a prima facie showing of racial discrimination; the burden of production shifts to the proponent of the strike to give a race-neutral reason for the strike; the trial court then decides whether the opponent of the strike has proven discriminatory intent. [Cit.]" *Chandler v. State,* 266 Ga. 509, 510 (2) (467 SE2d 562) (1996).

The record shows that the state challenged Mitchell's use of all eight peremptory strikes to strike white members from the jury. Mitchell is African-American. The trial court found the state had

made a prima facie showing of racial discrimination since all eight strikes were utilized against white members of the venire. The court requested Mitchell to provide race-neutral explanations for each strike. Following extensive discussion, the trial court accepted as race-neutral the reasons Mitchell offered for striking four jurors, but found that Mitchell failed to provide race-neutral reasons for the remaining four strikes. We need only address Mitchell's challenge to one particular juror to dispose of this case.

Regarding his challenge to juror number 10, Mitchell argued the juror was condescending, disengaging and authoritative. Mitchell further stated he was concerned about the juror because he was an insurance agent and a teacher. According to Mitchell, he believed the juror "would attempt to take over the entire discussion . . . of the facts of this case" because the juror seemed so "self-assured about himself and about what this case or the facts would probably show." Mitchell also stated that the juror studied and may have taught business law, "which would indicate to me, Judge, that he would probably[,] without the proper legal training and practice[,] assume a role beyond his competence. He would probably receive some artificial badges of courage in leading others on to believe that since he has taught business law that he would know more about the law than he really does." A second defense attorney supported the defense's opinion of the juror's attitude by pointing out that when questions were posed to the juror, he not only expanded on the question, but "started going off into other subjects."

In response, the state merely contested Mitchell's assessment of the juror's attitude and argued that the juror's employment as an insurance agent was not sufficient reason for exclusion. The trial judge demanded that Mitchell "show me something in your notes from your questioning that reflects [the juror's self-important personality] as it impacts on this trial other than your impressions from the questions that you asked him and those questions, general in nature, not actually touching upon the trial of this case." The trial judge stated that Mitchell could have asked the juror specifically about the case during voir dire, but that general questions and observations concerning the juror were not sufficient to strike him. In addition, the trial judge noted that he disagreed with Mitchell's assessment of the juror, did not make the same subjective observations about him, and did not ascertain anything in the juror's responses or demeanor that would suggest the juror's opinions would be unfavorable to Mitchell. The trial judge, therefore, disallowed the strike. The juror was reinstated.

The explanation Mitchell provided for striking the juror was, on its face, race-neutral. In his explanation, Mitchell expressed concern that the juror would control the jury deliberations and that his opin-

ions would be given greater weight by other jurors because of his background in business law. A background in business law and an authoritarian personality are not factors based on race. See *Chandler*, supra at 510.

The trial court was bound to accept Mitchell's explanation as race-neutral. "A trial court may not simply reject the explanation on grounds that it is not credible or that it is whimsical. Rather, it must accept the explanation if it is facially neutral, *then* determine whether the challenger can carry his burden of showing the given explanation is merely pretext for discrimination. [Cit.]" (Emphasis in original.) *Leeks v. State*, 226 Ga. App. 227, 229 (3) (483 SE2d 691) (1997). "The 'ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike.' [Cit.]" *Chandler*, supra at 510. There must be some evidence to support the opponent's position that a race-neutral explanation is merely a pretext for discrimination.

We cannot determine from the record whether the trial court combined steps two and three of the *Purkett* analysis or merely terminated the analysis at step two after finding that Mitchell had not offered race-neutral reasons for his strike. In either case, it is clear from the record that the trial court should have accepted as race-neutral Mitchell's explanation for striking juror number 10, then shifted the burden to the state to show that the strike was racially motivated. See generally *Pickett v. State*, 226 Ga. App. 743, 745 (1) (487 SE2d 653) (1997); *Gilbert v. State*, 226 Ga. App. 230, 232 (486 SE2d 48) (1997); *Leeks*, supra. Since the trial court improperly placed the burden upon Mitchell, the reinstatement of juror number 10 resulted in an illegally constituted jury and entitles Mitchell to a new trial.

*Judgment reversed. Pope, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 12, 1998.

*Theodore Johnson*, for appellant.

*Paul L. Howard, Jr., District Attorney, Juliette O. W. Scales, Bettieanne C. Hart, Assistant District Attorneys*, for appellee.