### A98A0252. SMITH v. THE STATE.
(502 SE2d 561)

BEASLEY, Judge.

Smith was convicted of armed robbery (OCGA § 16-8-41), hijacking a motor vehicle (OCGA § 16-5-44.1), robbery (OCGA § 16-8-40), and aggravated assault (OCGA § 16-5-21). His motion for new trial was denied.

1. Smith, a black person, exercised nine peremptory strikes against white prospective jurors. The State challenged this under

*Batson v. Kentucky*[1] and *Georgia v. McCollum.*[2] In his first seven enumerations, Smith contends the court erred in ruling that his explanations for striking jurors four, five, eight, and eleven were not race neutral. Smith complains that the court erroneously merged the second and third steps of *Batson,* thereby placing the burden on him to prove that the reasons for striking the jurors were not racially discriminatory.

"In *McCollum,* the United States Supreme Court extended its decision in *Batson v. Kentucky* and held that the equal protection clause prohibits a criminal defendant from engaging in purposeful discrimination on the basis of race in the exercise of peremptory challenges. To evaluate claims that the state or defendant used peremptory challenges in a racially discriminatory manner, the trial court must engage in a three-step process. The opponent of a peremptory challenge must make a prima facie showing of racial discrimination; the burden of production shifts to the proponent of the strike to give a race-neutral reason for the strike; the trial court then decides whether the opponent of the strike has proven discriminatory intent."[3]

After the trial court determined that a prima facie case of discrimination had been established, defense counsel gave among his reasons for striking juror four that he wore a hearing aid and had served on a criminal jury several years earlier. The prosecutor responded that there were numerous venire persons who had been criminal jurors and that juror four seemed capable of hearing. The court rejected defendant's reasons.

Defense counsel explained that juror five was struck primarily because he had several friends or acquaintances who had been murder victims. When the court asked whether this was a murder trial, defense counsel responded, "No, but I believe knowing a victim gives you a strong view of law and order." The trial court rejected this reason also.

Juror eight was struck, defense counsel said, because she spent a great deal of time at home with her children and grandchildren and did not work, and he was concerned she would be very law-and-order oriented. The prosecutor questioned this logic and observed that the juror had been in the workforce earlier. The court again ruled the reason not race neutral.

The explanation given for striking juror 11 was that she was very protective of home and children because she had been a first grade teacher for approximately 20 years and had children of her

---

[1] 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).
[2] 505 U. S. 42 (112 SC 2348, 120 LE2d 33) (1992).
[3] (Footnotes omitted.) *Chandler v. State,* 266 Ga. 509, 510 (2) (467 SE2d 562) (1996).

own. When the prosecutor countered that a similarly-situated black female was allowed to remain on the jury, the court found defendant's strike impermissible.

"In articulating a race-neutral explanation for striking a juror, the proponent of the strike is not required to enunciate a plausible or persuasive explanation, just one that is clear, reasonably specific and that does not deny equal protection. [Cit.] 'At th[e] second step of the [*Batson*] inquiry, the issue is the *facial validity* of the (attorney's) explanation. Unless a discriminatory intent is inherent in the (attorney's) explanation, the reason offered will be deemed race neutral. [Cits.]' [Cit.]"[4] "Whether the explanations should be believed and accepted as non-discriminatory is a different question from whether the explanations are race-neutral."[5]

Even where, as in *Malone*, "it is fairly easy to understand why the trial court found some of the reasons given for the peremptory strikes to be unpersuasive,"[6] the law protects the strikes. As in *Malone*, "the explanations given were facially valid and evidenced no discriminatory intent, i.e., were race-neutral. None . . . was based on a characteristic or stereotype peculiar to any race. [Cit.]"[7]

The trial court veered off course when it based its findings that the strikes were not race neutral on factors to be considered during step three of *Batson*.[8] "It is then for the trial court to determine, after considering the totality of the circumstances, whether the opponent of the strike has shown that the proponent of the strike was motivated by discriminatory intent in the exercise of the peremptory challenge. [Cits.]"[9] "The 'ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike.' "[10]

Where, as here, the court combines steps two and three of *Batson*, it "prematurely evaluates the persuasiveness of [counsel's] explanation[s], thereby impermissibly placing the ultimate burden of persuasion upon the proponent of the strike. [Cit.]" *Jackson v. State*;[11] see *Malone v. State*, supra; *Gilbert v. State*;[12] *Pickett v. State*.[13] These authorities compel the conclusion that the reseating of the jurors in question resulted in an illegally constituted jury. Smith is entitled to

---

[4] (Emphasis in original.) *Malone v. State*, 225 Ga. App. 315, 316-317 (1) (484 SE2d 6) (1997).

[5] Id. at 318.

[6] Id. at 317.

[7] Id.

[8] See *Turner v. State*, 267 Ga. 149, 151 (2) (476 SE2d 252) (1996).

[9] Id.

[10] *Chandler*, supra at 510.

[11] 265 Ga. 897, 899 (2) (463 SE2d 699) (1995).

[12] 226 Ga. App. 230 (486 SE2d 48) (1997).

[13] 226 Ga. App. 743 (487 SE2d 653) (1997).

a new trial.

2. The eighth enumeration of error is moot.

*Judgment reversed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 5, 1998.

*Steven E. Phillips, Megan C. DeVorsey*, for appellant.

*Paul L. Howard, Jr., District Attorney, Juliette O. W. Scales, Leigh A. Dupre, Assistant District Attorneys*, for appellee.