## A99A0292. COLLINS v. THE STATE.
(520 SE2d 542)

POPE, Presiding Judge.

Thomas Orlando Collins appeals from his convictions for various violations of the Georgia Controlled Substances Act and of possession of a firearm during the commission of a crime. In his sole enumeration of error, he raises an argument based on *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), claiming the trial court erred in overruling his challenge to the State's peremptory strike because the court did not require the State to present an explanation

---

[4] Hanover files a cross-claim against RGA for indemnification; however, that issue is not before us in this appeal.

for the strike that was case-related. We find no error in the trial court's actions and affirm.

Defendant Collins is African-American. Only one of the venire persons, Mr. Morris, was African-American. Jury selection was not reported, but the parties entered into a stipulation, which set forth that during jury selection, Morris indicated that he was an attorney practicing law in his own law firm in Clayton County. Morris also indicated that before passing the bar he was employed as a law clerk for a private attorney.

The State used one of its peremptory strikes against Morris and Collins objected on the basis of *Batson*, alleging a racial motivation. The trial court found a prima facie case had been made that the State's strike was the result of race. In response, the State then asserted that the strike was motivated solely by the fact that Morris was a practicing attorney. The State also noted that Morris was the only practicing attorney in the jury pool. Although Collins objected to this explanation, the court found that the State's reason for the strike was race-neutral.

Here, Collins argues that the court erred in overruling his challenge to the State's peremptory strike of Morris, the only African-American venireperson, in that it did not require the State to present an explanation for the strike that was case-related.

The Equal Protection Clause of the U.S. Constitution prohibits discrimination in jury selection on the basis of race or gender, or the assumption that a venireperson will be biased in a particular case for no reason other than the person's race or gender. Thus, the ultimate issue in a *Batson* challenge is whether discrimination occurred in the selection of the jury. The opponent of the peremptory strike bears the burden of persuading the trial court that the proponent of the strike acted with discriminatory intent in exercising the peremptory challenge. The party challenging the peremptory strike makes out a prima facie case of purposeful discrimination by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose. Once a prima facie case is made, the proponent of the strike is required to set forth a race-neutral, case-related, clear and reasonably specific explanation for the exercise of the peremptory strike. An explanation is not racially neutral if it is based on a characteristic that is peculiar to any race or a stereotypical belief. It is then for the trial court to determine, after considering the totality of the circumstances, whether the opponent of the strike has shown that the pro-

ponent of the strike was motivated by discriminatory intent in the exercise of the peremptory challenge.

(Citations and punctuation omitted.) *Turner v. State*, 267 Ga. 149, 150-151 (2) (476 SE2d 252) (1996). See also *Barnes v. State*, 269 Ga. 345, 349 (6) (496 SE2d 674) (1998).

In this case, the trial court determined that Collins established a prima facie showing of discrimination. Thus, the burden was then on the State to offer a race-neutral explanation for the strike. The State offered the race-neutral reason that Morris was a practicing attorney. The trial court accepted the State's reason as race-neutral and there was no showing that this explanation was merely pretextual.

In *Pye v. State*, 269 Ga. 779, 781 (1) (505 SE2d 4) (1998), our Supreme Court rejected the defendant's *Batson* claim when the State exercised a peremptory strike partly because the prospective juror's son was a public defender. The court stated that "this reason is also sufficient to justify a peremptory strike, because the explanation was neither inherently discriminatory nor implausibly pretextual." Id. at 781 (1). Accordingly, in this case, looking at the totality of the circumstances, we find that the court's ruling was not clearly erroneous. See generally *Joseph v. State*, 231 Ga. App. 399 (1) (498 SE2d 808) (1998).

In reaching this conclusion, we are mindful that the requirement that an explanation given for a strike be "race-neutral" seems to have subsumed the requirement that a case-related reason be articulated by the proponent of the strike. See *Barnes v. State*, 269 Ga. at 349 (6); *Chandler v. State*, 266 Ga. 509, 510 (2) (467 SE2d 562) (1996); *Malone v. State*, 225 Ga. App. 315, 318 (1) (484 SE2d 6) (1997); *Williams v. State*, 236 Ga. App. 190 (1) (511 SE2d 561) (1999).[1] Nevertheless, case-relatedness, or lack thereof, continues to be a consideration in the trial court's determination of whether a proffered explanation is race-neutral. See, e.g., *Ware v. State*, 232 Ga. App. 165, 166 (2) (500 SE2d 601) (1998).

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED JULY 8, 1999.

*Barry M. Hazen*, for appellant.

---

[1] For discussion of this issue before issuance of Supreme Court of Georgia cases which indicated that the case-related reason need not be articulated, see *Parker v. State*, 219 Ga. App. 361, 364-365 (464 SE2d 910) (1995) (Pope, Presiding Judge, concurring specially).

*William T. McBroom III, District Attorney, Richard A. Vandever, Assistant District Attorney,* for appellee.