## A02A1539. HARRISON v. THE STATE.
(572 SE2d 4)

ANDREWS, Presiding Judge.

Darrien Cortez Harrison was found guilty by a jury of aggravated assault. He appeals claiming the trial court erred by seating three jurors whom he had struck from the jury panel by use of peremptory jury strikes. Specifically, Harrison claims the trial court erred by granting the State's challenge to the strikes brought pursuant to *Batson v. Kentucky,.* 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), and *Georgia v. McCollum,* 505 U. S. 42 (112 SC 2348, 120 LE2d 33) (1992), in which the State claimed that Harrison used the strikes to purposefully discriminate against the jurors on the basis of their race. For the reasons which follow, we conclude the jury which convicted Harrison was not properly constituted pursuant to the requirements of *Batson* and *McCollum* and that Harrison must be granted a new trial.

In *McCollum,* the United States Supreme Court concluded that the same principles set forth in *Batson,* precluding the State from racial discrimination in the use of peremptory jury strikes, also preclude a criminal defendant from using peremptory strikes to discriminate against jurors on the basis of race. In its challenge, the State contended that Harrison used all six of his peremptory strikes to remove Caucasian potential jurors on the basis of race. This challenge initiated a three-step inquiry requiring: (1) that the State establish a prima facie case that the strikes were exercised with racially discriminatory intent; (2) if established, that the burden of production shifted to Harrison to tender race-neutral explanations for the strikes; and (3) if race-neutral explanations were tendered, that the trial court decide whether the State proved purposeful racial discrimination. *Purkett v. Elem,* 514 U. S. 765, 767-769 (115 SC 1769, 131 LE2d 834) (1995); *Jackson v. State,* 265 Ga. 897, 899 (463 SE2d 699) (1995). During this inquiry, the burden of persuasion as to discriminatory intent rests entirely with, and never shifts from, the State. *Purkett,* 514 U. S. at 768; *Chandler v. State,* 266 Ga. 509, 510 (467 SE2d 562) (1996).

Step one of the inquiry is moot in the present case because Harrison tendered his purportedly race-neutral explanations for the peremptory strikes. *Brannan v.· State,* 275 Ga. 70, 75 (561 SE2d 414). (2002). In step two, Harrison tendered explanations for the strikes he exercised against the three Caucasian jurors at issue. Harrison's defense counsel explained that the first potential juror was struck because she was "a housewife and not a supervisor" and had not worked outside the home. As to the second potential juror, defense counsel explained he was struck because he had worked in a supervisory capacity in the automobile industry. Finally, defense counsel

said the third potential juror was struck because she was a nurse with medical training who had worked on trauma cases in an emergency room. The record reflects that the trial court ruled the step two explanations given for the strikes were not race-neutral. While there is some evidence the trial court may have simultaneously considered the race-neutrality and the believability of the explanations given by Harrison, thereby combining steps two and three of the inquiry, we will not speculate what the trial court may have intended to do when the record is clear that the inquiry was terminated at step two by a ruling that the explanations were not race-neutral. Having ruled the explanations were not race-neutral, the trial court disallowed the peremptory strikes and seated the three potential jurors on the jury.

Although the findings of the trial court during a *Batson/McCollum* inquiry are entitled to great deference, we conclude the trial court erred in finding the explanations given by Harrison were not race-neutral. In step two, Harrison was not required to give an explanation that was persuasive or even plausible. *Purkett*, 514 U. S. at 768. "At this second step of the inquiry, the issue is the facial validity of the [defendant's] explanation. Unless a discriminatory intent is inherent in the [defendant's] explanation, the reason offered will be deemed race neutral." (Citation and punctuation omitted.) Id.; *McBride v. State*, 247 Ga. App. 767, 768 (545 SE2d 332) (2001). Under this standard, Harrison's explanations were race-neutral, and the trial court should have accepted them as race-neutral and moved on to step three of the inquiry. In step three, the persuasiveness of Harrison's explanations became relevant, and the trial court should have determined whether the State carried its burden of proving that Harrison was engaged in purposeful racial discrimination in the exercise of the peremptory strikes. *Purkett*, 514 U. S. at 768.

> [In step three], implausible or fantastic justifications may (and probably will) be found to be pretexts for purposeful discrimination. But to say that a trial judge *may choose to disbelieve* a silly or superstitious reason at step three is quite different from saying that a trial judge *must terminate* the inquiry at step two when the race-neutral reason is silly or superstitious. The latter violates the principle that the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike.

(Emphasis in original.) Id.

Because the trial court erroneously rejected Harrison's step two race-neutral explanations, and erroneously failed to determine in step three whether the State proved racially discriminatory intent, Harrison was tried before an illegally constituted jury and must be

given a new trial. *McBride*, 247 Ga. App. at 770-771; *Jackson*, 265 Ga. at 899-900.

We need not address remaining enumerations of error not likely to recur on retrial.

*Judgment reversed. Phipps and Mikell, JJ., concur.*

DECIDED SEPTEMBER 18, 2002 —
RECONSIDERATION DENIED OCTOBER 4, 2002 —

*Sexton & Morris, Ricky W. Morris, Jr.*, for appellant.
*Robert E. Keller, District Attorney, Kathryn O. Pulliam, Assistant District Attorney*, for appellee.