## A01A1522. HARRIS v. THE STATE.
### (554 SE2d 606)

BARNES, Judge.

Michael Harris appeals from his possession of cocaine conviction, contending the trial court erred by reseating two jurors struck by the defense after the state challenged the defendant's use of peremptory strikes under *Georgia v. McCollum*, 505 U. S. 42 (112 SC 2348, 120 LE2d 33) (1992). Because the record in this case shows that the trial court combined steps two and three of the three-part test used to determine whether a party racially discriminated during the exercise of its peremptory strikes of prospective jurors, we must reverse.

In *Jackson v. State*, 265 Ga. 897, 898-899 (2) (463 SE2d 699) (1995), our Supreme Court held that a trial court must establish, on the record, that it has applied a three-part test to a party's claim of discrimination in the use of peremptory strikes.

> First, the party challenging a strike has the burden of making a prima facie showing of discrimination. The proponent of the strike must then produce an explanation for the strike which is race-neutral and non-discriminatory on its face, but is not required to enunciate an explanation that is persuasive, or even plausible. The burden of proving that the proffered explanation is merely pretext for discrimination then shifts back to the challenging party.

(Citations, punctuation and emphasis omitted.) *O'Neal v. State*, 226 Ga. App. 224-225 (1) (482 SE2d 478) (1997).

In this case, the record shows that the trial court found that defense counsel failed to give a "racially-neutral reason" for striking two jurors and reseated them. The record, however, shows that defense counsel did offer race-neutral explanations for the strikes.

> A neutral explanation means an explanation based on something other than the race of the juror. Unless a discriminatory intent is inherent in the proponent's explanation, the reason offered will be deemed race neutral. Furthermore, although the proponent of the strike must provide a "clear

and reasonably specific" explanation of his "legitimate reasons" for exercising challenges, what is meant by a "legitimate reason" is not a reason that makes sense, but a reason that does not deny equal protection.

(Citations and punctuation omitted.) *Jackson*, supra, 265 Ga. at 898-899 (2). Defense counsel struck the two jurors in this case based on either their employment, knowledge gained through their spouse's employment, or ability to stay focused during the trial and jury deliberations. These explanations do not relate to the race of the prospective jurors, and the trial court clearly erred by finding they were not race-neutral explanations.

As established by *Jackson*, the proper procedure for a trial court to follow in analyzing a party's reason for its peremptory strike is to accept the strike if it is facially neutral, then require the opponent of the strike to prove that the proffered reason is merely a pretext for discrimination. In this case, the trial court simply ruled that [Harris's] proffered reasons were not race-neutral. Its ruling indicates the trial court likely combined steps two and three of the test and found the reasons given were pretextual. However, *Jackson* dictates that the trial court must engage in the three-part analysis and abide by the shifting burdens of proof set forth in *Purkett* [*v. Elem*, 514 U. S. 765 (115 SC 1769, 131 LE2d 834) (1995)]. To combine the steps, the Court has held, improperly shifts the ultimate burden of proof to the striking party. *Jackson*, supra at 898-899. The record in this case does not clearly establish that the trial court applied each prong of the three-part test. Under these circumstances, the Supreme Court of Georgia has concluded that the jury including the two reseated jurors was illegal, and [Harris's] conviction must be reversed and this matter remanded for a new trial. [Cits.]

*O'Neal*, supra, 226 Ga. App. at 225-226 (1).
*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 6, 2001 —

*Virginia W. Tinkler*, for appellant.
*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.