## A01A2062. AYITEYFIO v. THE STATE.
(561 SE2d 157)

BARNES, Judge.

A jury convicted Robert Ayiteyfio of robbery and aggravated assault on a police officer. He appeals, contending among other things that the trial court erred in reseating four jurors after the prosecution claimed he struck them because of their race. Because the trial court erred in finding that the defendant's reason for striking one of the jurors was pretextual, we reverse.

The voir dire was not recorded, but the objection and resulting hearing were. The prosecutor objected to nine of the defendant's ten strikes, all of which were used to strike nonblack members of the venire. The defendant then provided race-neutral reasons for striking the jurors, which the State argued were pretextual. The trial court agreed that the reasons for striking five of the nine challenged jurors were pretextual and seated four of them on the jury that heard the charges against the defendant. We need only address Ayiteyfio's challenge to one particular juror to decide this case. *Mitchell v. State*, 230 Ga. App. 149, 150 (495 SE2d 626) (1998).

We use a three-part test to determine whether a party's discretionary jury strikes are improperly motivated by race. The burden is first on the party challenging a strike to make a prima facie showing of discrimination. The proponent of the strike must then produce a race-neutral and facially nondiscriminatory explanation for the strike. Finally, the challenging party has the ultimate burden of persuasion to prove that the proffered explanation is merely a pretext

for discrimination. *Jackson v. State*, 265 Ga. 897, 898-899 (2) (463 SE2d 699) (1995).

In this case, the State showed that the defendant, who is black, struck nine white jurors and one Hispanic-Asian juror, thus establishing a prima facie case of discriminatory intent. *O'Neal v. State*, 226 Ga. App. 224-225 (1) (482 SE2d 478) (1997). Defense counsel then explained her reasons for striking each juror.

Defense counsel struck juror no. 11 because her cousin was a police officer and she had civil jury experience, both attributes defense counsel wanted to avoid in a juror. The court asked if counsel had a case saying that prior jury experience is a reason to strike someone, and counsel responded she did not, but that it was one criterion she used in conjunction with others. The State responded that these reasons were pretextual because a black juror with a cousin who was a police officer was seated, and that another black juror with prior jury service was also seated, although no black jurors who were both related to a police officer and had previous jury service were seated. The prosecutor further argued that Ayiteyfio showed racial animus by asking the black juror related to the police officer if he talked to his cousin about his work, but not asking juror no. 11 the same question.

After hearing argument on all the stricken jurors, the court ruled: "All right. The court will find discriminatory intent by showing similar situated members of another race were seated. That is in the police, both of them had cousins on the police department, so whatever number that one was. . . . Anyhow, the ones I have that I think are pretextual [are] 4, 8, 11, 18, 19, and 28."[1]

The trial court's findings in determining whether a strike was racially motivated are entitled to great deference and will be affirmed unless clearly erroneous. *McKenzie v. State*, 227 Ga. App. 778, 779 (1) (490 SE2d 522) (1997). In making these findings, "the court may consider whether similarly-situated members of another race were seated on the jury, or whether the race-neutral explanation proffered by the strikes' proponent is so implausible or fantastic that it renders the explanation pretextual." (Citations and punctuation omitted.) *Hinson v. State*, 237 Ga. App. 366, 369 (3) (515 SE2d 203) (1999).

However, we must also keep in mind that the reasonable suspicion of a juror's impartiality that prompts the exercise of a peremptory challenge need not rise to the level of justifying the removal of a venireman for cause. *Turner v. State*, 267 Ga. 149, 152 (2) (476 SE2d 252) (1996). A party "may strike from mistake, or from ignorance, or

---

[1] Juror no. 19 was already seated, and juror no. 28 was not reached.

from idiosyncracy," as long as the reasons do not relate to a juror's race. *Gamble v. State*, 257 Ga. 325, 326 (2) (357 SE2d 792) (1987). Therefore, the trial court's request for authority supporting Ayiteyfio's use of peremptory strikes placed an unnecessary burden on him.

Further, "[w]here there are multiple reasons for striking a juror, white or black, it cannot be presumed that a reason applied to one juror, of one race, but not applied to another juror, of another race, is racially motivated." (Emphasis omitted.) *Lingo v. State*, 263 Ga. 664, 667-668 (1) (c) (437 SE2d 463) (1993); *Russell v. Parkford Mgmt. Co.*, 235 Ga. App. 81, 84-85 (2) (508 SE2d 454) (1998). The trial court's stated reason for finding that Ayiteyfio struck juror no. 11 because of her race was that the defendant did not strike a black juror with a cousin who was a police officer. However, the black juror had not had previous jury experience and therefore was not similarly situated to the white juror whom the judge reseated. "We must also keep in mind that the [defendant's] multiple rationales for the exercise of [his] strike were facially race-neutral and were supported by facts elicited during voir dire. . . . The [defendant's] failure to ask questions does not evidence racial animus." *Turner v. State*, supra, 267 Ga. at 152-153 (2); *Hinson v. State*, supra, 237 Ga. App. at 370-371.

Because the trial court clearly erred in finding that Ayiteyfio struck juror no. 11 because of her race, her reinstatement resulted in an illegally constituted jury. Accordingly, the defendant is entitled to a new trial. *Chandler v. State*, 266 Ga. 509, 510 (2) (467 SE2d 562) (1996).

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 22, 2002.

*Stuckey & Manheimer, Stephanie S. Benfield,* for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney,* for appellee.