A02A2372. GAINES et al. v. THE STATE.
(575 SE2d 704)

BLACKBURN, Chief Judge.

Following a consolidated jury trial, Adrian Lamont Gaines and Vick Lamar Gaines, brothers, appeal their convictions for aggravated assault, contending, among other things, that: (1) the evidence was insufficient to support the verdict; and the trial court erred by (2) admitting certain similar transaction evidence against Vick Gaines;

---

and (3) reseating four jurors struck by the defense following the grant of the State's reverse *Batson* motion.[1] The trial court erroneously reseated jurors who were aware that they had been struck by the defendants, and the defendants had not waived their right to object to the reseating. No silent strike procedure was employed by the trial court. Therefore, we must reverse.

1. The defendants contend that the evidence was insufficient to support the verdict. We disagree.

> When reviewing a conviction, this Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) *Jackson v. Virginia.*[2] Any inconsistencies in the victims' [and witnesses'] testimony . . . go to the weight and credibility of the witnesses' testimony; such issues are for the jury to weigh. *Sherman v. State*;[3] *Jones v. State.*[4] "This Court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses." (Citation and punctuation omitted.) *Kapua v. State.*[5]

*Taylor v. State.*[6]

Viewed in the light most favorable to the verdict, the record shows that, on the evening of December 31, 1999, Russell Sillary was working at a bar, checking to make sure that everyone who entered the bar was at least 21 years old. Shortly after midnight, the Gaines brothers, as well as one other person, improperly rushed into the bar through an exit. Sillary called out to the three men for identification, but they did not respond. When Sillary attempted to intercept, he was attacked. A beer bottle was broken over Sillary's head, and, after he had fallen to the floor, he was repeatedly kicked until he became unconscious.

Later, Sillary identified both Adrian and Vick Gaines as his attackers. Another bar employee also identified the Gaines brothers as the ones who were kicking Sillary. In addition, one of the arresting police officers testified that, when he arrived, the Gaines brothers were screaming and making threats at Sillary. In fact, when the

---

[1] *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).
[2] *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Sherman v. State*, 225 Ga. App. 869 (485 SE2d 557) (1997).
[4] *Jones v. State*, 220 Ga. App. 236 (469 SE2d 379) (1996).
[5] *Kapua v. State*, 228 Ga. App. 193, 195 (491 SE2d 387) (1997).
[6] *Taylor v. State*, 232 Ga. App. 383, 384-385 (501 SE2d 875) (1998).

officer removed the brothers, they were still trying to get to Sillary while he was on the floor of the bar.

This evidence amply supported the verdicts against Adrian and Vick Gaines. See *Jackson*, supra.

2. Vick Gaines contends that the trial court improperly admitted evidence of three other batteries committed by him. Again, we disagree.

> In order to admit similar transaction evidence, the state must show that (1) the evidence is offered for a proper purpose; (2) sufficient evidence exists that the defendant committed the similar transaction; and (3) there are enough similarities between the other transactions and the charged offense that proof of the former tends to prove the latter. A proper purpose for the introduction of the evidence would be to show motive, intent, plan, identity, bent of mind, or course of conduct. The state urged that it sought to introduce the evidence in order to establish [Vick Gaines'] bent of mind or course of conduct.

(Footnotes omitted.) *Woods v. State*.[7]

The trial court did not err in admitting the similar transaction evidence. As each of the three batteries involved Vick Gaines becoming angry and attacking individuals at different businesses, the prior crimes were sufficiently similar to the one for which he was being tried. Although Vick Gaines attempts to argue that the crimes were dissimilar to the present crime, this argument makes no difference here, for it is the similarities, not the differences, on which this Court must focus its inquiry. *Quezada v. State*.[8]

3. The Gaines brothers contend that the trial court erred by reseating jurors whom they struck from the jury following the trial court's grant of the State's reverse *Batson* motion. We are constrained to agree.

The record shows that the defendants used all 12 of their peremptory strikes against Caucasian jurors, and all of these jurors were present when they were struck from the jury by the defendants. These jurors, therefore, were aware of the fact that they had been struck by the defendants because the trial court did not utilize a silent strike procedure. Following a reverse *Batson* motion by the State, the trial court decided to reseat four of the jurors, despite the fact that they had been present when they were struck and were aware they were struck by the defendants. Where the trial court fails

---

[7] *Woods v. State*, 250 Ga. App. 164, 165-166 (1) (a) (550 SE2d 730) (2001).

[8] *Quezada v. State*, 236 Ga. App. 718, 721 (512 SE2d 401) (1999).

to utilize a silent strike procedure, it may not reseat an improperly excused juror unless the right to object to such reseating has been waived. Under such a circumstance a new juror, similarly situated to the improperly struck juror, must be selected. The trial court's ruling on this issue was erroneous.

Our Supreme Court has held:

> [B]oth the State and a criminal defendant have the constitutional right to have a jury whose members are selected pursuant to nondiscriminatory criteria; and an individual juror has the *right* not to be excluded from a jury on account of race. The trial court has constitutional authority to exercise such power as necessary in aid of its jurisdiction and to protect its judgments; accordingly, the trial court had the constitutional power to seat an individual juror determined to have been challenged in violation of *Batson*. This Court and the Court of Appeals have at least implicitly condoned the practice of reinstating improperly challenged jurors. Indeed, the majority of jurisdictions give the trial court the option, in its discretion, to reseat the improperly challenged juror. The prohibition of the discriminatory exercise of peremptory challenges does not violate a defendant's Sixth Amendment right to a trial by an impartial jury. When a *Batson* challenge results in a finding that jury selection was not racially neutral and when . . . *the jurors remain unaware of the party who struck them*, reinstating improperly challenged jurors does not abridge the defendant's right to a fair and impartial jury.

(Citations and punctuation omitted; emphasis supplied.) *Holmes v. State*.[9]

The record in this case shows that the trial court overruled the defendants' objection to reseating the juror in question, stating that the defendants needed to be punished for their counsel's inappropriate strike. This rationale is erroneous. Justice is only served where a defendant is tried by an impartial jury.

It is undisputed that, in this case, the jurors who were reseated had previously been struck in their presence, and that there had been no waiver of the right to object to the reseating of such jurors. Under *Holmes*, it was improper to reseat these jurors who were aware of the party who struck them. As such, we are constrained to reverse the convictions of the Gaines brothers, and we must remand this case to the trial court for a new trial.

---

[9] *Holmes v. State*, 273 Ga. 644, 645-646 (2) (543 SE2d 688) (2001).

4. As we have determined that we must remand this case for a new trial, we do not reach the defendants' remaining enumerations of error.

*Judgment reversed and case remanded for a new trial. Johnson, P. J., and Miller, J., concur.*

DECIDED DECEMBER 4, 2002 —
RECONSIDERATION DENIED DECEMBER 17, 2002

*Joyce M. Griggs*, for appellants.

*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellee.