## A04A1616. NELSON v. THE STATE.
### (611 SE2d 147)

ADAMS, Judge.

Robert Nelson was indicted along with two other individuals for possession of cocaine with intent to distribute. In the same indictment, the two other defendants were also charged with trafficking in cocaine. The jury found Nelson guilty of the charge, and the trial court denied his subsequent motion for new trial. He appeals, asserting as his only ground that the trial court erred in granting the state's challenge to one of his jury strikes. We affirm.

The evidence at trial showed that on February 20, 2002, police executed a search warrant at an apartment in Fulton County. Nelson was in the apartment's bedroom at the time. The search revealed substantial amounts of crack cocaine in the bathroom and in the microwave oven in the kitchen. One of the police officers testified that Nelson admitted at the scene that the crack in the microwave belonged to him.

During the trial, the attorneys for Nelson and his co-defendant exercised eleven peremptory strikes against Caucasian jurors and one against an African-American juror. In response, the state made a motion pursuant to *Georgia v. McCollum*, 505 U. S. 42 (112 SC 2348, 120 LE2d 33) (1992), asserting that the defense had exercised its strikes in a racially motivated manner. During the subsequent colloquy between the attorneys and the court, the state either withdrew or the court denied the challenges to all of the strikes, except the strikes of Juror Pope and Juror Franz, who were both reseated.[1]

---

[1] Nelson does not raise any issue on appeal regarding the court's decision to reseat Juror Franz, and thus we do not address this ruling.

"In *Georgia v. McCollum,* the United States Supreme Court held that the equal protection clause prohibits a criminal defendant from engaging in purposeful discrimination on the basis of race in the exercise of peremptory challenges." (Punctuation and footnote omitted.) *Clemons v. State,* 257 Ga. App. 96, 100 (2) (574 SE2d 535) (2002). A three-step process is employed in analyzing a jury strike under *McCollum* to determine if the defense exercised its strikes in a racially motivated manner:

> First, the party challenging a strike has the burden of making a prima facie showing of discrimination. The proponent of the strike must then produce an explanation for the strike which is race-neutral and non-discriminatory on its face, but is not required to enunciate an explanation that is persuasive, or even plausible. The burden of proving that the proffered explanation is merely pretext for discrimination then shifts back to the challenging party.

*Harris v. State,* 251 Ga. App. 475 (554 SE2d 606) (2001). The record shows that the trial court applied this procedure in considering the state's *McCollum* motion. The state initially noted that the qualified panel of 38 jurors upon whom the parties conducted voir dire consisted of 16 African-Americans and 22 Caucasians. The state based its motion upon the defense's exercise of eleven of its twelve peremptory strikes against Caucasian jurors, with only one strike used against an African-American juror. The trial court found that the state had made a prima facie showing of discrimination, and Nelson does not contest that finding.

In response, the defense attorneys asserted two reasons for striking Juror Pope: (1) the fact that he had previously been a supervisor of another juror and (2) his indication that he had a problem with the charge of drug trafficking. The trial court found that these were race-neutral explanations for the strike.

The state countered that Juror Pope's prior employment of another juror did not justify the strike, and also noted that other jurors also had problems with drug dealers. After considering this argument and its own recollection of the voir dire of the juror, the trial court determined that the defense's explanation for the strike was merely pretextual. Thus, "although a trial judge must accept a facially race-neutral explanation *for purposes of determining whether the proponent has satisfied his burden of production at stage two,* this does not mean that the judge is bound to *believe* such explanation at stage three." (Emphasis in original.) *McKenzie v. State,* 227 Ga. App. 778, 778-779 (1) (490 SE2d 522) (1997). In its order denying Nelson's motion for new trial, the trial court clarified that it found the

explanation pretextual "based upon defense counsel's demeanor while providing the explanation for the strike, his misstating what the juror's response actually was during voir dire, his failure to excuse similarly situated jurors and his exercise of all but one of his strikes against Caucasians."

Nelson asserts that the record does not support these findings, and he argues that the state failed to carry its burden of establishing pretext. The state is not required, however, to present evidence that proves the defense exercised its strikes with discriminatory intent. *Curry v. State*, 238 Ga. App. 511, 514-515 (1) (519 SE2d 269) (1999). "Instead, the opponent may carry its burden of persuasion by reference to the facts and circumstances surrounding the proponent's use of its peremptory strikes." Id.

Therefore, the trial court's ruling arises from its consideration of the totality of the circumstances:

> [T]he trial court in most cases must infer discriminatory intent from circumstantial evidence. The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination, and no additional proof of discrimination is required.

(Citation, punctuation and emphasis omitted.) *McKenzie v. State*, 227 Ga. App. at 779 (1). And this Court must be careful not to substitute its findings for that of the trial court. A judge's conclusion that a prospective juror has been disqualified for discriminatory reasons is based upon findings of demeanor and credibility, which lie peculiarly within a trial court's province. *Gardner v. State*, 225 Ga. App. 427, 434 (483 SE2d 912) (1997). Accordingly, we must give those findings great deference, and they will not be overturned unless they are clearly erroneous. *Gay v. State*, 258 Ga. App. 634, 636 (1) (574 SE2d 861) (2002).

Here, the record shows that even though Juror Pope stated during voir dire that he had a "problem" with someone who trafficked in or distributed drugs, he did not think it would affect his ability to sit as a juror in the case. He felt that he could hear the evidence and apply the law to facts. And while Juror Pope said that ten years earlier he had worked at the same place of employment as one of the other jurors, he did not say that he had directly supervised that juror. Rather, Juror Pope said that he was president of the corporation that owned the company where the other juror worked. Although Juror

Pope recognized the other juror, he did not even know his name, and said that they had never socialized together. Thus, it was not clear error for the trial court to find that defense counsel had misstated Juror Pope's testimony during voir dire.

But even if Juror Pope could be considered a supervisor, this case is distinguishable from *Chandler v. State*, 266 Ga. 509 (467 SE2d 562) (1996), upon which Nelson relies. In *Chandler*, the defendant's attorney struck a white juror on the ground that he was a supervisor and an authoritarian, and explained that his training had taught him to seek to have jury leadership disbursed among several people and to avoid authoritarian figures. Id. The Supreme Court found that the trial court should have accepted this as a nonpretextual, race-neutral explanation for the strike. Id. at 510 (2). But here, the record shows that the defense failed to strike at least two other jurors who were also in supervisory positions, albeit not over other jurors on the panel. We find that the trial court could properly rely upon the defense's failure to strike such similarly situated jurors to support its finding of pretext.

Further, as the state made its initial argument on the *McCollum* motion, the prosecutor noted on the record that defense counsel were laughing. In weighing the reasons proffered by the proponent of a strike, the trial judge may properly consider, as the court did here, "the demeanor of the attorney who exercises the challenge, which is often the best evidence of the credibility of his proffered explanations." (Citation and punctuation omitted.) *McKenzie v. State*, 227 Ga. App. at 779 (1).

In addition to these factors, the trial court relied upon the state's prima facie showing of discrimination. The state's "burden of persuasion may be satisfied in a number of different ways, including solely upon the strength of the prima facie case in relation to the reasons given." (Citation omitted.) *White v. State*, 257 Ga. App. 723, 725 (2) (572 SE2d 70) (2002). Here, the state made a strong prima facie showing that the defense had exercised 11 of its 12 peremptory strikes against white jurors.

We cannot say, therefore, that it was clear error for the trial court to conclude that the defense acted in a racially discriminatory manner in striking Juror Pope.

*Judgment affirmed. Bernes, J., concurs. Ruffin, C. J., concurs in judgment only.*

DECIDED MARCH 3, 2005.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Alvera A. Wheeler, Assistant District Attorney*, for appellee.