A05A2272. PITTS v. THE STATE.
(628 SE2d 615)

ADAMS, Judge.

Travianna Pitts appeals after a jury convicted him of one count of burglary and one count of armed robbery. We affirm.

Viewed in the light most favorable to support the verdict, the evidence showed that Pitts and two juveniles burglarized the home of Billy Wayne Studdard on February 28, 2003. Taken from Studdard's home was a 20 gauge shotgun, a .22 caliber rifle, a black holster and two knives. Later that day, Pitts, along with Travis Killings, his co-defendant at trial, used the 20 gauge shotgun stolen from Studdard's home to rob Juan Mata as he returned home from work.

1. Pitts first argues that the trial court erred in replacing two jurors on the jury panel. At the end of jury selection, the state made a motion asserting that the defense had exercised its strikes in a racially motivated manner. See *Georgia v. McCollum*, 505 U. S. 42 (112 SC 2348, 120 LE2d 33) (1992). In analyzing such a motion, the trial court must employ a three-step procedure:

> First, the party challenging a strike has the burden of making a prima facie showing of discrimination. The proponent of the strike must then produce an explanation for the strike which is race-neutral and non-discriminatory on its face, but is not required to enunciate an explanation that is persuasive, or even plausible. The burden of proving that the proffered explanation is merely pretext for discrimination then shifts back to the challenging party.

(Citation omitted.) *Harris v. State,* 251 Ga. App. 475 (554 SE2d 606) (2001).

But the prosecution is not required to present evidence proving that the defense exercised its strikes in a discriminatory manner; rather, the state's burden may be carried by reference to the facts and circumstances surrounding the defense's use of its strikes. *Nelson v. State*, 271 Ga. App. 870, 872 (611 SE2d 147) (2005). Therefore, the trial court must consider the totality of the circumstances in ruling upon the motion:

> The trial court in most cases must infer discriminatory intent from circumstantial evidence. The factfinder's disbelief of the reasons put forward by the defendant . . . may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination, and no additional proof of discrimination is required.

(Citation and punctuation omitted.) Id. This Court gives great deference to the trial court's finding that a juror has been disqualified for discriminatory reasons, and such finding will not be overturned absent clear error. Id.

Here, the jury panel consisted of eighteen Caucasian jurors, twenty-five African-American jurors and four jurors from other races. One juror from each of these three categories was struck for cause. At the end of jury selection, the prosecution noted that the defense had exercised ten of its eleven peremptory strikes against the remaining Caucasian jurors. The trial court found that this satisfied the state's burden of showing a prima facie case of race discrimination, and requested that the defense provide race-neutral reasons for its strikes.

One of the challenged strikes involved Juror No. 31, and in response to the court's request, Pitts' attorney asserted that this juror was a well-educated accountant, who could not be considered a peer of his high-school-drop-out client. And because he had previously served as a jury foreman, the attorney argued that he showed a propensity to take control and might lead the jury in a direction unfavorable to Pitts. The trial court found that this was not a race-neutral reason and replaced Juror No. 20 with Juror No. 31.

With regard to the second juror at issue, Juror No. 43, Pitts' attorney argued that because the juror had been in the Navy for 18 years and was now in military counter-intelligence, "he might, you know, leap to conclusions . . . too quickly. . . ." In addition, the attorney stated that because the man's son had graduated from a high school in the southern portion of the county, which was more rural than the area where the crime occurred, the juror's "experiences appear different." The attorney for Pitts' co-defendant also noted that the

juror home schools his child, which meant that he thought public schools, which the two defendants had attended, were inferior. He concluded that the juror was going to be "sort of a take charge type and he's going to — he's not going to be able to relate to underprivileged people who are disadvantaged." The trial court found that these were not race-neutral reasons, noting that because the juror served in the military, he had served "with all kinds of people." The judge directed that Juror No. 43 replace Juror No. 21 on the panel. The trial court accepted the defense's explanation for the other nine strikes.

We note as an initial matter that we are hampered in our efforts to fully analyze this issue because voir dire was not transcribed. Cf. *Bass v. State*, 271 Ga. App. 228, 233 (4) (609 SE2d 386) (2005). But based upon our review of the arguments surrounding the state's motion, we find no clear error in the trial judge's conclusions that these strikes were exercised in a racially discriminatory manner. "A judge's conclusion that a prospective juror has been disqualified for discriminatory reasons is based upon findings of demeanor and credibility, which lie peculiarly within a trial court's province." (Citation omitted.) *Nelson v. State*, 271 Ga. App. at 872.

Pitts also takes issue with the trial court's procedure in reseating Juror Nos. 31 and 43. However, when an opponent's challenge "results in a finding that jury selection was not racially neutral and when . . . *the jurors remain unaware of the party who struck them*, reinstating improperly challenged jurors does not abridge the defendant's right to a fair and impartial jury." (Citation and footnote omitted; emphasis in original.) *Gaines v. State*, 258 Ga. App. 902, 905 (3) (575 SE2d 704) (2002). Here, because we do not have a transcript of voir dire, we cannot determine whether the trial court utilized a silent strike procedure. But even if silent strikes were not used, Pitts has waived his right to appellate review by failing to object to the reseating procedure. *Holmes v. State*, 273 Ga. 644, 645 (2) (543 SE2d 688) (2001).

Accordingly, we find no ground for reversal.

2. Pitts next asserts that the trial court erred in allowing the state to present testimony regarding the prior statements of the two juveniles involved in the burglary. He asserts that this evidence was impermissible hearsay and notes that the juveniles' statements to police differed from their trial testimony. But Pitts waived appellate review of this argument by failing to object to this testimony at trial. *Carreno v. State*, 272 Ga. App. 229, 231 (3) (612 SE2d 62) (2005). And in any event, we find no error in the admission of this evidence. See generally *Lloyd v. State*, 259 Ga. App. 636, 639 (1) (b) (577 SE2d 854) (2003); *Wilson v. State*, 258 Ga. App. 166, 169 (4) (573 SE2d 432) (2002).

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED MARCH 10, 2006.

*James W. Bradley*, for appellant.

*Jewel C. Scott, District Attorney, Anece Baxter White, Assistant District Attorney*, for appellee.