A09A1286. THOMAS v. THE STATE.

(682 SE2d 325)

MIKELL, Judge.

In 2004, Willie Robert Thomas was convicted of trafficking in cocaine, OCGA § 16-13-31, and using a communication facility in committing a felony, OCGA § 16-13-32.3. He was sentenced to serve 20 years in confinement. Following the grant of his motion for an out-of-time appeal, Thomas appeals from the order denying his amended motions for a new trial. In his sole enumeration of error, Thomas contends that the trial court erred in sustaining the state's challenge to one of his peremptory strikes during jury selection. We disagree and affirm.

Thomas is African-American, and during jury selection, he exercised 11 of 12 peremptory strikes against Caucasian panel members. The state, relying on *Georgia v. McCollum,*[1] argued that Thomas had engaged in racial discrimination with respect to two of the jurors, no. 7 and no. 23, and moved to disallow those two peremptory strikes. After defense counsel explained his reasons for the strikes, the state withdrew its challenge to juror no. 7. The trial

---

[13] (Citations omitted.) *Morton v. Bell,* 264 Ga. 832, 833 (452 SE2d 103) (1995).
[1] 505 U. S. 42 (112 SC 2348, 120 LE2d 33) (1992).

court granted the state's motion to disallow Thomas's strike of juror no. 23, a 49-year-old homemaker, finding that his explanation for striking that juror was pretextual, and seated her on the panel. Thomas enumerates this ruling as error.

In *McCollum*, the United States Supreme Court held that the equal protection clause prohibits the accused from engaging in purposeful discrimination on the basis of race in the exercise of peremptory strikes.[2] A *McCollum* challenge triggers a three-step process:

> (1) the state must make out a prima facie case of racial discrimination; (2) if established, the burden of production shifts to the defendant to come forward with a race-neutral explanation; and (3) if a race-neutral explanation is tendered, the trial court must decide whether the state has proved purposeful racial discrimination.[3]

The "ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike."[4]

In the case at bar, Thomas does not challenge the trial court's ruling that the state made a prima facie showing of racial discrimination. Accordingly, we review the court's rulings at the second and third steps of the *McCollum* process. In the second step, "the proponent of the strike is required to set forth a race-neutral, case-related, clear and reasonably specific explanation for the exercise of [the] strike[ ]."[5] Here, defense counsel stated as reasons for striking this juror that, having written nothing in his notes about her, he considered her "an unknown, a ticking time bomb. . . . She [is] an older woman who is a housewife. My client is a relatively young black male who is accused of drug trafficking."[6] Counsel also explained that he was deferring to Thomas's wishes. The trial court ruled that counsel's reasons were not race-neutral, because other jurors that had not been challenged had not given extensive re-

---

[2] *Allen.v. State*, 280 Ga. 678, 680 (2) (b) (631 SE2d 699) (2006), citing *McCollum*, supra at 59 (IV).

[3] (Punctuation and footnotes omitted.) *Gay v. State*, 258 Ga. App. 634, 635 (1) (574 SE2d 861) (2002) (whole court).

[4] (Citation and punctuation omitted.) *Wolfe v. State*, 273 Ga. 670, 673 (3) (544 SE2d 148) (2001).

[5] (Citations and punctuation omitted.) *Morris v. State*, 243 Ga. App. 824, 827 (2) (b) (534 SE2d 509) (2000) (physical precedent only).

[6] The reference to the juror as "unknown" was based on her failure to respond to general voir dire questions. But during individual voir dire, this juror responded affirmatively when asked whether she could be fair and impartial and whether she attended college. In addition, the juror stated that after college, she "worked in Chicago as an insurance broker and then got married and moved to Memphis, Tennessee and then was an at home mom."

sponses.[7] Thomas argues that the record does not support this finding. Thomas also argues that the reasons offered for striking the juror — reticence, age, and occupation — were race-neutral and that the trial court erred in concluding otherwise. We observe that "a neutral explanation means an explanation based on something other than the race of the juror,"[8] and "the exercise of a peremptory challenge may not be based on either the race of the juror or racial stereotypes held by the party."[9] Further, "the decision to defer to another's desires concerning the exercise of the peremptory challenges does not constitute the required racially neutral, case-related explanation of the exercise of the challenged strike[ ]."[10]

It is unnecessary to consider whether the trial court erred during the second step of the *McCollum* procedure, however, because the trial court continued to the third step as though Thomas had come forward with a race-neutral explanation for the strike. At the third step, assuming a race-neutral reason is tendered, the trial court must decide whether the state has proved purposeful racial discrimination.[11] Here, the state pointed out that counsel had used race as a justification for striking the juror by contrasting her race with that of Thomas's. In response, defense counsel stated: "My client . . . is a young black male charged with a drug trafficking offense. [Juror no. 23] is a homemaker. I do not believe . . . that she would be overly sympathetic for my client." The court ruled that even if counsel's explanation could be considered race-neutral, it was a pretext for discrimination, and, therefore, a *McCollum* violation.

"[B]ecause the third step of the *McCollum* procedure mandates that the trial court act as the trier of fact, the trial court's findings are to be given great deference and are to be affirmed unless clearly erroneous."[12] Counsel's explanation for the strike explicitly incorporated the racial contrast between Thomas and the juror. Counsel also implied that Caucasian female homemakers cannot render fair verdicts in drug cases against African-American males. Given coun-

---

[7] See *Shell v. State*, 264 Ga. App. 547, 548 (1) (591 SE2d 450) (2003) (the opponent of a strike "may carry his burden of persuasion by showing that similarly situated jurors of another race were not struck") (citation and footnote omitted).

[8] (Citation and punctuation omitted.) *Jackson v. State*, 265 Ga. 897, 898 (2) (463 SE2d 699) (1995) (proponent's reason is deemed race-neutral unless a discriminatory intent is inherent in it); accord *Malone v. State*, 225 Ga. App. 315, 317 (1) (484 SE2d 6) (1997) ("At this second step of the inquiry, the issue is the facial validity of the attorney's explanation") (citation, punctuation and emphasis omitted).

[9] (Citation omitted.) *Congdon v. State*, 262 Ga. 683, 685 (424 SE2d 630) (1993). Accord *Shell*, supra at 548 (1) ("An explanation is not race-neutral if it is based . . . on a stereotypical belief").

[10] (Citation omitted.) *Congdon*, supra at 684.

[11] *Gay*, supra.

[12] (Citation omitted.) *Stokes v. State*, 281 Ga. 825, 829 (3) (642 SE2d 82) (2007).

sel's use of racial stereotyping,[13] we cannot say that the trial court clearly erred in finding that counsel's other proffered reasons for striking the juror — her reticence, age and occupation — were a pretext for discriminating against Caucasian females. "It is well established that a trial judge, who has the opportunity to evaluate the demeanor and credibility of the proponent of a strike, may choose to disbelieve implausible justifications for a strike during step three of the analysis."[14] It follows that the trial court did not err in finding that the state carried its burden of showing purposeful discrimination and in reseating the juror.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JULY 16, 2009.

*Kenneth D. Kondritzer*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.

---

[13] See *Congdon*, supra at 685; *Shell*, supra.

[14] (Citation and punctuation omitted.) *Allen*, supra at 682 (2) (b). Accord *Smith v. State*, 264 Ga. 449, 454 (4) (448 SE2d 179) (1994).